T.C. Memo. 2011-108

UNITED STATES TAX COURT

ONESIMO R. ESPINOZA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12084-09.                    Filed May 23, 2011.

Onesimo R. Espinoza, pro se.

<u>Robert V. Boeshaar</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax for 2007.  The issues for
decision are whether petitioner is entitled to a dependency
exemption deduction, whether he is entitled to the child tax
credit, and whether he is entitled to head of household filing

status for 2007.  All section references are to the Internal Revenue Code in effect for 2007.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Washington State when he filed his petition.

Petitioner's son was born September 21, 1991.  Petitioner and his son's mother were divorced in 1992.  In a Permanent Order of Child Support filed November 17, 1992, in the Superior Court of Washington, County of Thurston, petitioner was ordered to pay to his son's mother child support of $320 per month.  One provision of that order permitted petitioner, for income tax purposes, to claim his son as a dependent in odd years provided that his child support payments were current.  Petitioner continued to pay that amount throughout 2007.

Petitioner's son lived with petitioner's former wife for all of 2007, and she was the custodial parent.

On his Federal tax return for 2007, petitioner claimed a dependency exemption deduction and a $1,000 child tax credit in relation to his son and reported his tax liability using head of household rates.  Petitioner did not attach to the return a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, because his son's mother did not provide a

signed Form 8332 despite petitioner's efforts to secure one from her.

OPINION

The Internal Revenue Code allows as a deduction in computing taxable income an exemption for each dependent of a taxpayer. Sec. 151(c). A child of a taxpayer generally qualifies as a dependent if the child shares the same principal place of abode as the taxpayer for more than one-half of the tax year in issue. Sec. 152(a), (c). However, section 152(e)(1) limits the dependency exemption deduction where the child's parents live apart.

In the case of divorced or separated parents, special rules determine which parent may claim a dependency exemption deduction for a child. See sec. 152(e). As relevant to the present case, section 152(e)(2) allows the noncustodial parent to claim a dependency exemption deduction for a child if the custodial parent signs a written declaration releasing her claim to the exemption and the noncustodial parent attaches the declaration to his Federal income tax return.

The declaration required by section 152(e)(2) must be made on either Form 8332 or on a statement conforming to the substance of that form. See Miller v. Commissioner, 114 T.C. 184, 190-191 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). Form 8332 requires a taxpayer to furnish: (1)

The name of each child, (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption, (3) the Social Security number of the custodial parent, (4) the signature of the custodial parent, (5) the date of the custodial parent's signature, and (6) the year or years for which the claims were released. Id. at 190. "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration." Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Petitioner could not obtain a Form 8332 executed by the mother of his son, and, as a result, he could not attach this required form to his 2007 Federal income tax return. Petitioner is therefore not entitled to the dependency exemption deduction under section 152(e)(2). See, e.g., Himes v. Commissioner, T.C. Memo. 2010-97; Gessic v. Commissioner, T.C. Memo. 2010-88; Thomas v. Commissioner, T.C. Memo. 2010-11; Walker v. Commissioner, T.C. Memo. 2008-194.

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child", for purposes of the child tax credit, means a qualifying child as defined in section 152(c) who has not attained age 17. Sec. 24(c)(1). Because petitioner did not establish that his son was a qualifying child under section 152(c) or the exception in

section 152(e)(2), he does not satisfy the "qualifying child" requirement of the child tax credit under section 24. Thus, he is not entitled to the child tax credit claimed with respect to his son.

Section 1(b) establishes a special income tax rate for individual taxpayers filing as head of a household. Section 2(b) provides the requirements for head of household filing status. In order to qualify as head of a household, petitioner must have been unmarried at the end of 2007 and maintained a household that was the principal place of abode of at least one dependent for more than one-half of the taxable year. See sec. 2(b)(1)(A). Petitioner's home was not the principal place of abode of his son, and he has not suggested that any other person qualifies as his dependent during 2007. Thus he must use single filing status in calculating his 2007 tax liability.

Decision will be entered for respondent.