T.C. Memo. 2013-37

UNITED STATES TAX COURT

PAUL EDWARD VOKOVAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7806-11.                    Filed February 5, 2013.

Paul Edward Vokovan, pro se.

<u>David L. Zoss</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a $1,525 deficiency in

petitioner's Federal income tax for 2008.  The issues for consideration are (1)

whether petitioner is entitled to a deduction for a personal exemption for a

**[*2]** dependent child under section 151(a), and (2) whether petitioner is entitled to a child tax credit under section 24(a).

All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated in our findings by this reference. Petitioner resided in Minnesota when he filed the petition.

Petitioner and Jennifer Lynne Sjoblom (Ms. Vokovan) married in 1990. In 1992 they had a daughter, J.F.V., and in 1995 they had a son, E.P.V.[1] In 2000 petitioner and Ms. Vokovan divorced. The divorce decree ordered that petitioner and Ms. Vokovan would have joint legal custody of the children, and she would have physical custody of the children. The divorce decree also ordered petitioner to pay child support.

After the divorce decree was finalized, petitioner asked Ms. Vokovan to sign a document so that he could claim one of their children as a dependent on his Federal income tax returns for tax year 2000 and applicable years thereafter. Ms. Vokovan signed the document but did not retain a copy of it. Petitioner claims

---

[1]The Court refers to minor children by their initials. See Rule 27(a)(3).

[*3] that he attached an original Form 8332, Release of Claim to Exemption for Child by Custodial Parent, signed by Ms. Vokovan, to his 2000 Federal income tax return. Petitioner has not produced a copy of the signed Form 8332. Efforts to recover petitioner's 2000 Federal income tax return, along with Form 8332, from the Internal Revenue Service have been unsuccessful.

Ms. Vokovan claimed dependency exemption deductions for their daughter, J.F.V., on her 2000, 2001, 2002, and 2005 Federal income tax returns. For tax years 2003, 2004, 2006, and each year thereafter, Ms. Vokovan claimed dependency exemption deductions for both of their children. On his 2000 Federal income tax return, and for each tax year thereafter, petitioner claimed a dependency exemption deduction for their son, E.P.V.

In 2008 petitioner and Ms. Vokovan had joint legal custody of their son and daughter, and she continued to have physical custody of the children. Petitioner timely filed his 2008 Federal income tax return, claiming a $3,500 dependency exemption deduction for his son and a $1,000 child tax credit. On her 2008 return Ms. Vokovan claimed dependency exemption deductions for both their son and daughter. Petitioner did not include a signed Form 8332, or any other documentation signed by Ms. Vokovan, with his 2008 Federal income tax return.

**[\*4]**  On January 3, 2011, respondent sent petitioner a statutory notice of deficiency disallowing his claimed dependency exemption deduction and child tax credit for 2008 and determining a $1,525 tax deficiency.

OPINION

I.    Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability.  Petitioner does not argue or provide evidence that the conditions of section 7491(a) are fully satisfied; therefore, the burden of proof remains on petitioner.

**[*5]** II.        Dependency Exemption Deduction

An individual is allowed a deduction for exemption for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  Sec. 151(c).  Section 152(a) defines the term "dependent" to include a "qualifying child".  Generally, a "qualifying child" must:  (i) bear a specified relationship to the taxpayer (e.g., be a child of the taxpayer), (ii) have the same principal place of abode as the taxpayer for more than one-half of such taxable year, (iii) meet certain age requirements, and (iv) not have provided over one-half of such individual's own support for the taxable year at issue.  Sec. 152(c)(1).  There is no dispute that petitioner's children did not share the same principal place of abode as petitioner for any period during his 2008 taxable year.

Section 152(e)(1) provides a special rule for divorced or legally separated parents which permits a noncustodial parent,[2] under certain circumstances, a dependency exemption deduction for a child.  See sec. 152(e); Espinoza v. Commissioner, T.C. Memo. 2011-108; sec. 1.152-4T(a), Q&A-2, Temporary

---

[2]For purposes of sec. 152, the "custodial parent" is the parent having custody of the child for the greater portion of the calendar year.  Sec. 152(e)(4)(A).  The "noncustodial parent" is, conversely, the parent without custody of the child for the greater portion of the calendar year.  Sec. 152(e)(4)(B).  Petitioner is the noncustodial parent of his children because Ms. Vokovan had physical custody of the children.  See sec. 1.152-4(b), Income Tax Regs.

[*6] Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).  As relevant to this case, section 152(e)(2) allows the noncustodial parent a dependency exemption deduction for a child if:

(A) the custodial parent signs a written declaration (in such a manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

The declaration required by section 152(e)(2) must be made on either Form 8332 or on a statement conforming to the substance of that form.  See Armstrong v. Commissioner, 139 T.C. __, __ (slip op. at 8) (Dec. 19, 2012); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.  Form 8332 requires a taxpayer to furnish:  (1) the name of each child; (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption deduction; (3) the Social Security number of the custodial parent; (4) the signature of the custodial parent; (5) the date of the custodial parent's signature; and (6) the year or years for which the claims were released.  See Miller v. Commissioner, 114 T.C. 184, 190

**[\*7]** (2000), aff'd sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration." Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., supra.

Petitioner argues that he attached a signed Form 8332 to his Federal income tax return for 2000, which entitled him to a dependency exemption deduction for his son, E.P.V., through 2011. Petitioner has been unable to find a copy of the signed Form 8332 or a copy of his 2000 Federal income tax return in his personal records or to obtain either from the Internal Revenue Service. Petitioner does have an unsigned copy of Form 8332; however, the signature of the custodial parent is a requirement of Form 8332, and the unsigned copy is invalid. See Miller v. Commissioner, 114 T.C. at 191-192; Moody v. Commissioner, T.C. Memo. 2012-268, at \*6.

Petitioner stipulated that he did not attach a signed Form 8332 to his 2008 Federal income tax return. If petitioner did not attach a signed Form 8332 or a statement conforming to the substance of Form 8332, he did not satisfy section 152(e)(2) and the prior existence of a Form 8332 is immaterial; petitioner needed to attach a copy of a signed Form 8332, or a statement conforming to the substance of Form 8332, every year to his tax return or he is not entitled to the

**[\*8]** exemption deduction.  See <u>Chamberlain v. Commissioner</u>, T.C. Memo. 2007-178, slip op. at 7.

Petitioner argues that his divorce decree entitles him to dependency exemption deductions for both of his children in alternating years; however, the divorce decree provided does not make any mention of his right to dependency exemption deductions.  When asked why the divorce decree is silent with regard to his right to dependency exemption deductions, petitioner stated that he thought "[the dependency exemption] information was in a draft."  A court order that has been signed by the custodial parent may satisfy section 152(e)(2)(A) as the noncustodial parent's declaration if the document "conform[s] to the substance" of Form 8332. <u>See Armstrong v. Commissioner</u>, 139 T.C. at __ (slip op. at 8-9).  The divorce decree provided does not conform to the substance of Form 8332; the divorce decree does not provide any information regarding petitioner's right to dependency exemption deductions, nor is it signed by either petitioner or Ms. Vokovan.  An unsigned divorce decree is insufficient to transfer a dependency exemption. <u>See</u> <u>Himes v. Commissioner</u>, T.C. Memo. 2010-97, slip op. at 6; <u>see also</u> <u>Neal v. Commissioner</u>, T.C. Memo. 1999-97, slip op. at 8-9.  Furthermore, the requirements of section 152(e) must be met regardless of the wording of the divorce decree. <u>See</u> <u>Miller v. Commissioner</u>, 114 T.C. 184.

**[*9]** Petitioner argues that "[p]recedence has been established for tax years 2000-2005 by both myself and my ex-wife. We each claimed one child * * * for exemption purposes. I also set precedence for tax years 2006-2009 by claiming only * * * [my son] for exemption purposes." However, "establishing precedence" does not matter. Petitioner failed to produce any credible evidence to prove that he met the requirements of section 152(e). Petitioner failed to produce a signed Form 8332 or a statement conforming to the substance of Form 8332, which may include a signed divorce decree if all of the requirements of section 152(e) are met. Therefore, petitioner is not entitled to a dependency exemption deduction for either of his children for tax year 2008.

III.    Child Tax Credit

A taxpayer is entitled to a child tax credit for "each qualifying child". Sec. 24(a). A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained age 17. Sec. 24(c)(1). We have determined that neither J.F.V. nor E.P.V. is a "qualifying child" of petitioner for his 2008 taxable year under either section 152(c), because neither child had the same principal place of abode as petitioner for more than one-half of the taxable year, or under the exception in section 152(e). It follows that petitioner is not

**[\*10]** entitled to a child tax credit for either child.  <u>See</u> <u>Espinoza v. Commissioner</u>,

T.C. Memo. 2011-108.

Accordingly, we sustain respondent's determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.