**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-77

UNITED STATES TAX COURT

JENNIFER D. WHITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19499-12S.                    Filed September 26, 2013.

Jennifer D. White, pro se.

<u>Christopher D. Bradley</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1] Unless otherwise indicated, all subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's income tax for 2010 and 2011 of $6,501 and $4,582, respectively.[2] Respondent also determined accuracy-related penalties under section 6662(a) for those tax years of $1,300 and $916, respectively.

After concessions,[3] the issues for decision are:

(1) Whether petitioner is entitled to claim head of household filing status on her Federal income tax returns for 2010 and 2011. We hold that she is;

(2) whether petitioner is entitled to claim a dependency exemption deduction, the child tax credit, and the earned income tax credit (EIC) in respect of her minor children M.T.S. (for 2010 only) and M.H.S. (for 2010 and 2011).[4] We hold that she is.

---

[1](...continued)
Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] All monetary amounts are rounded to the nearest dollar.

[3] Respondent concedes that petitioner is not liable for the sec. 6662(a) penalties for the years in issue.

[4] For privacy reasons, the Court refers to minor children by their initials. See Rule 27(a)(3).

Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in Georgia at the time the petition was filed.

Petitioner married Randall Southerland in 1994. The couple had a daughter, M.T.S., in 1994 and a son, M.H.S., in 1995. The couple divorced in 1997.

During their divorce proceedings petitioner and Mr. Southerland filed a separation agreement with the Cook County Superior Court in Georgia, which handled their divorce case. Therein, petitioner and Mr. Southerland agreed to joint legal custody of M.T.S. and M.H.S. and that Mr. Southerland would be the "custodial parent". The separation agreement further outlined petitioner's visitation rights, enumerating specific holidays, weekends, and other specific dates when petitioner would have physical custody of the children, as well as "[a]ll other agreed upon times." The separation agreement did not specify whether petitioner or Mr. Southerland could claim the dependency exemption deductions for M.T.S. or M.H.S.

During 2010 M.T.S. and M.H.S. lived with petitioner for more than one-half of the year and petitioner provided more than one-half of their support.

During 2011 M.H.S. lived with petitioner for more than one-half of the year and petitioner provided more than one-half of his support.

Petitioner timely filed her Federal income tax returns for 2010 and 2011. On her returns petitioner checked the box for head of household filing status and claimed dependency exemption deductions, the child tax credit, and the EIC for M.T.S. and M.H.S. for 2010 and for M.H.S. for 2011. Mr. Southerland did not sign and petitioner did not attach a Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or other writing conforming to the substance of Form 8332, releasing the claim to the dependency exemption deduction for M.T.S. or M.H.S. for either 2010 or 2011.[5]

By two separate notices, respondent determined deficiencies in petitioner's income tax of $6,501 for 2010 and $4,582 for 2011 on the basis of the following adjustments:

First, respondent determined that petitioner was not entitled to file her Federal income tax returns using head of household filing status.

---

[5] Form 8332 requires a taxpayer to furnish: (1) The name of the child(ren); (2) the name and Social Security number of the noncustodial parent claiming the dependency exemption(s); (3) the signature and Social Security number of the custodial parent; (4) the date of the custodial parent's signature; and (5) the year or years for which the claims are released. See Miller v. Commissioner, 114 T.C. 184, 190 (2000), aff'd on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).

Second, respondent determined that petitioner was not entitled to claim the dependency exemption deductions, the child tax credit, or the EIC in respect of M.T.S. for 2010 and M.H.S. for 2010 and 2011.

Petitioner filed a timely petition for redetermination with the Court for 2010 and 2011.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); cf. sec. 7491(a). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). As discussed below, the Court is satisfied that petitioner has carried her burden of proof.

## II. Dependency Exemption Deductions and Head of Household Filing Status

### A. Special Rules for Divorced Parents Under Sec. 152(e)

In the case of divorced parents, special rules determine which parent is entitled to a dependency exemption deduction for a child. See sec. 152(e); Espinoza v. Commissioner, T.C. Memo. 2011-108; cf. sec. 152(c)(4). Generally, a child who is in the custody of one or both of the child's parents for more than one-half of the calendar year and receives more than one-half of his or her support from parents who live apart at all times during the last six months of the calendar year will be considered the qualifying child of the custodial parent. Sec. 152(e)(1). Pursuant to section 152(e), a child may be treated as a qualifying child of the noncustodial parent rather than of the custodial parent when certain criteria are met.

For the child to be the qualifying child of the noncustodial parent, the custodial parent must sign Form 8332 or other writing conforming to the substance of Form 8332 releasing the custodial parent's claim to the dependency exemption. Sec. 152(e)(2)(A). The noncustodial parent must then attach the Form 8332 or equivalent writing to his or her Federal income tax return. Sec. 152(e)(2)(B); Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), aff'd on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir.

2002); <u>Brissett v. Commissioner</u>, T.C. Memo. 2003-310; <u>see also</u> sec. 1.152-4(e), Income Tax Regs.

Respondent argues that the provisions of section 152(e) apply because petitioner and Mr. Southerland are divorced. Furthermore, because the separation agreement identified Mr. Southerland as "the custodial parent", respondent argues that a Form 8332 or equivalent writing was required to be signed by Mr. Southerland and attached to petitioner's 2010 and 2011 Federal income tax returns. Because petitioner failed to acquire and attach such a writing to those returns, respondent argues that petitioner is not entitled to the dependency exemption deductions, child tax credit, EIC, or head of household filing status. We disagree.

The provisions of section 152(e) identify circumstances where the noncustodial parent may claim a child. Pursuant to section 152(e)(4)(A) and (B), the term "custodial parent" means the parent having custody for the greater portion of the calendar year, and the term "noncustodial parent" means the parent who is not the custodial parent. Section 1.152-4(d), Income Tax Regs., defines custody as follows: "[t]he custodial parent is the parent with whom the child resides for

the greater number of nights during the calendar year, and the noncustodial parent is the parent who is not the custodial parent."[6]

There is no dispute that both children lived with petitioner for more than one-half of 2010 and that M.H.S. lived with petitioner for more than one-half of 2011. Therefore, petitioner was the custodial parent of both children for 2010 and of M.H.S. for 2011. Sec. 152(c)(4)(B)(i), (e)(4)(A) and (B); sec. 1.152-4(d), Income Tax Regs. Because petitioner was the custodial parent of both children for 2010 and of M.H.S. for 2011, the Form 8332 or equivalent writing requirement of section 152(e) to allow the noncustodial parent to claim the dependency exemption deduction is not required for her to claim the children.

Next, we must decide whether M.T.S. and M.H.S. are petitioner's qualifying children, entitling her to the dependency exemption deductions, the child tax credit, the EIC, and the head of household filing status for the years in issue.

B. Qualifying Child

An individual is allowed a deduction for an exemption for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable

---

[6] Sec. 1.152-4, Income Tax Regs. was revised pursuant to T.D. 9408, 2008-33 I.R.B. 323, and applies for taxable years beginning after July 2, 2008. Sec. 1.152-4(h), Income Tax Regs. These revisions were therefore in effect for 2010 and 2011. Prior versions of this regulation are not applicable for the taxable years in issue.

year." Sec. 151(c). Section 152(a) defines the term "dependent" to include "a qualifying child". Generally, a "qualifying child" must: (1) bear a specified relationship to the taxpayer (e.g., be a child of the taxpayer), (2) have the same principal place of abode as the taxpayer for more than one-half of such taxable year, (3) meet certain age requirements, and (4) not have provided over one-half of such individual's support for the taxable year at issue. Sec. 152(c)(1).

The parties agree that M.H.S. and M.T.S. were petitioner's children, and that both were under the age of 19 during the years in issue. The parties further agree that both children lived with petitioner for over one-half of 2010 and that M.H.S. lived with petitioner for over one-half of 2011. Finally, the parties agree that petitioner provided over one-half of both children's support for 2010 and over one-half of M.H.S.'s support for 2011, which necessarily means that neither child provided more than one-half of his or her own support for the relevant year. Therefore, both children were petitioner's qualifying children for 2010, and M.H.S. was petitioner's qualifying child for 2011, thus entitling petitioner to two dependency exemption deductions for 2010 and one dependency exemption deduction for 2011. Furthermore, because petitioner had two qualifying children for 2010 and one qualifying child for 2011, she is entitled to head of household filing status for both taxable years. See sec. 2(b)(1)(A)(i).

III. Child Tax Credit

A taxpayer may claim a child tax credit for each "qualifying child" of the taxpayer (as defined in section 152) who has not yet reached age 17. Sec. 24(a), (c)(1). As previously discussed, M.T.S. and M.H.S. were petitioner's qualifying children for 2010, and M.H.S. was petitioner's qualifying child for 2011. Moreover, neither child reached age 17 in 2010, and M.H.S. did not reach age 17 for 2011. Accordingly, petitioner is entitled to a child tax credit for each child for 2010 and for M.H.S. for 2011.

IV. Earned Income Tax Credit

Taxpayers who qualify for the EIC generally fall into two categories; namely, those with one or more qualifying children and those with no qualifying children. See sec. 32(c)(1)(A)(i) and (ii). The EIC is more generous for those taxpayers having one or more qualifying children. See sec. 32(b).

For purposes of section 32, the term "qualifying child" generally means a qualifying child of the taxpayer as defined in section 152(c). Sec. 32(c)(3)(A). Because, as discussed above, M.T.S. and M.H.S. meet the definition of a qualifying child under section 152(c), petitioner is entitled to the EIC for two qualifying children for 2010 and one qualifying child for 2011. See secs. 32(c)(1)(A)(i), (3), 152(c).

## Conclusion

We have considered all of the arguments advanced by respondent, and, to the extent not expressly addressed, we conclude that those arguments do not support any result contrary to those reached herein.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.