**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-98

UNITED STATES TAX COURT

DAVID CHARLES KATZ AND MARY JOAN WRIGHT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18055-12S.              Filed December 5, 2013.

David Charles Katz and Mary Joan Wright, pro sese.

<u>R. Craig Schneider</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case. Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' income tax for 2009 of $2,779. The sole issue for decision is whether petitioners are entitled to dependency exemption deductions for M.K. and S.K. for 2009.[1] We hold that they are not.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioners resided in Utah at the time that the petition was filed.

---

[1] Other adjustments made by respondent in the notice of deficiency are essentially mechanical in nature and have not been otherwise contested by petitioners.

David Charles Katz (petitioner) married Victoria Pursell in 1989. The couple had two children, S.K., born in 1993, and M.K., born in 1996.[2] The couple divorced in 2005.[3]

Petitioner and Ms. Pursell's divorce decree was entered by the Third Judicial District Court In and For Salt Lake City, State of Utah. Therein, petitioner and Ms. Pursell were awarded joint legal custody of S.K. and M.K., and Ms. Pursell was awarded primary physical custody. In that regard the divorce decree went on to expressly state that the children should reside with Ms. Pursell.

The divorce decree also specified that petitioner and Ms. Pursell were each "entitled to claim one child for tax dependency exemption purposes" on their respective tax returns.[4] In addition, the divorce decree provided that "[e]ither party may purchase the income tax exemptions awarded to the other party by paying to said party an amount equal to the tax savings received by said party as a result of utilizing the exemptions in the tax year." Sometime in 2009 or early

---

[2] For privacy reasons, the Court refers to minor children by their initials. See Rule 27(a)(3).

[3] Although the Stipulation Of Facts states that the couple was divorced in 2007, this appears to be a typographical error. The divorce decree is dated and stamped 2005, and we accept that date.

[4] Although the divorce decree authorized each party to claim one child as a tax dependent, it did not differentiate between S.K and M.K.

2010 petitioner and Ms. Pursell agreed that petitioner would purchase for $908 the additional dependency exemption from her for 2009 only, and petitioner paid Ms. Pursell accordingly.

The divorce decree was executed by the district court judge. Neither Ms. Pursell nor her attorney signed the decree.[5]

Petitioner and Ms. Pursell did not share a home in 2009, and both S.K. and M.K. lived with Ms. Pursell throughout the year.

Petitioners timely filed a Federal income tax return for 2009. On it, and as relevant herein, petitioners claimed dependency exemption deductions for S.K. and M.K. At the time that petitioners filed their 2009 tax return, Ms. Pursell had not signed a Form 8332, Release/Revocation Of Release Of Claim To Exemption For Child By Custodial Parent, or any other writing conforming to the substance of Form 8332, releasing her claim to the dependency exemption deduction for either S.K. or M.K. for 2009. Ms. Pursell later signed a Form 8332 on September 22, 2013, in respect of M.K. for 2009, which form was then faxed to petitioner, who furnished it to respondent's counsel on September 23, 2013.

---

[5] Petitioner did not sign the divorce decree; petitioner's lawyer signed it but only "as to form".

Ms. Pursell filed a Federal income tax return for 2009 on or before April 15, 2010. On her return she reported taxable income in an amount that reflected dependency exemption deductions for both S.K. and M.K. Respondent did not examine her return or disallow the claim for two dependency exemption deductions.

Respondent determined a deficiency in petitioners' income tax on the basis that petitioners were not entitled to a dependency exemption deduction for either S.K. or M.K. for 2009.

Petitioners filed a timely petition for redetermination with the Court expressly challenging only respondent's disallowance of the dependency exemption deduction for M.K.[6]

---

[6] Throughout this proceeding, petitioners have argued in support of their claim to a dependency exemption deduction for M.K. Petitioners might therefore be regarded as having abandoned any claim to a dependency exemption deduction for S.K. See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); McNeil v. Commissioner, T.C. Memo. 2011-150, 2011 WL 2559802, at *1 n.3 (issues not raised on brief or at trial are deemed conceded), aff'd per curiam, 451 Fed. Appx. 622 (8th Cir. 2012). Nevertheless, given petitioners' status as pro se litigants, we address a claim to dependency exemption deductions for both children.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); cf. sec. 7491(a). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Although these principles constitute black letter law, we note that the issue before us is essentially legal and not factual in nature.

### II. Dependency Exemption Deduction

#### A. Special Rules for Divorced Parents Under Section 152(e)

In the case of divorced parents, special rules determine which parent is entitled to a dependency exemption deduction for a child. See sec. 152(e); Espinoza v. Commissioner, T.C. Memo. 2011-108; cf. sec. 152(c)(4). Generally, a child who is in the custody of one or both of the child's parents for more than one-half of the calendar year and receives more than one-half of his or her support from parents who are divorced or separated or live apart at all times during the last

six months of the calendar year will be considered the qualifying child of the custodial parent. Sec. 152(e)(1). Pursuant to section 152(e)(4)(A) and (B), the term "custodial parent" means the parent having custody for the greater portion of the calendar year, and the term "noncustodial parent" means the parent who is not the custodial parent.

Pursuant to section 152(e), a child may be treated as a qualifying child of the noncustodial parent rather than of the custodial parent when certain criteria are met. For the child to be the qualifying child of the noncustodial parent, the custodial parent must sign Form 8332 or another writing conforming to the substance of Form 8332 releasing the custodial parent's claim to the dependency exemption deduction. Sec. 152(e)(2)(A). The noncustodial parent must then attach the Form 8332 or equivalent writing to his or her Federal income tax return. Sec. 152(e)(2)(B); Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), aff'd on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); Brissett v. Commissioner, T.C. Memo. 2003-310; see also sec. 1.152-4(e), Income Tax Regs.

Respondent contends that the provisions of section 152(e) apply because petitioner and Ms. Pursell are divorced. Further, because the divorce decree identified Ms. Pursell as having primary custody of the children, and because S.K.

and M.K. lived with Ms. Pursell in 2009, respondent contends that Ms. Pursell is the custodial parent and therefore a Form 8332 or equivalent writing was required to be signed by Ms. Pursell and attached to petitioners' 2009 Federal income tax return in order for petitioners to be entitled to the dependency exemption deductions in issue. Finally, because petitioners failed to acquire a Form 8332 until after the date that the period of limitations to assess tax against Ms. Pursell for 2009 had expired, respondent contends that the Form 8332 signed by Ms. Pursell on September 22, 2013, is not sufficient to comply with the requirements of section 152(e)(2)(A). As a result, respondent contends that petitioners are not entitled to any dependency exemption deduction.

There is no dispute that both children lived with Ms. Pursell in 2009. Therefore, Ms. Pursell was the custodial parent and petitioner was the noncustodial parent for that year. Sec. 152(c)(4)(B)(i), (e)(4)(A) and (B); sec. 1.152-4(d), Income Tax Regs. Accordingly, section 152(e) applies and a Form 8332 or its equivalent is required to entitle petitioners to the dependency exemption deductions in issue.

B.  Form 8332

On September 23, 2013, the day of trial, petitioners provided respondent with a Form 8332 signed by Ms. Pursell releasing her dependency exemption

deduction claim for M.K. for 2009. The Form 8332 was dated September 22, 2013. Petitioners ask us to accept this Form 8332 and allow petitioners to claim a dependency exemption deduction for M.K. for 2009.

But even if we assume (without deciding) that a custodial parent's declaration submitted after the noncustodial parent has filed his return might, under certain circumstances, qualify as being "attache[d] * * * to the noncustodial parent's return" for purposes of section 152(e)(2)(B),[7] regrettably for petitioner we must conclude in the instant case that the Form 8332 fails to qualify under section 152(e)(2)(A). See Shenk v. Commissioner 140 T.C. ___, ___ (slip op. at 13) (May 6, 2013).

Ms. Pursell claimed S.K. and M.K. as dependents on her timely filed 2009 Federal income tax return. The Commissioner did not examine her return or disallow the dependency exemption deductions. Under section 6501(a) the

---

[7] For competing views on whether a late-submitted declaration can be considered "attache[d] * * * to the noncustodial parent's return", see Armstrong v. Commissioner, 139 T.C. 468, 479-481 (2012) (Goeke, J., concurring), and Armstrong v. Commissioner, 139 T.C. at 481, 508 (Holmes, J., dissenting). See also Shenk v. Commissioner, 140 T.C. ___, ___ (slip op. at 13) (May 6, 2013).

general three-year period of limitations for assessing tax against Ms. Pursell for

2009 expired on April 15, 2013.[8]

A clear purpose of section 152(e) is to provide rules by which to determine

which divorced parent may claim a child as a dependent and thereby prevent the

dependency exemption deduction from being allowed to both parents.  Under the

circumstances of the instant case, a holding in petitioners' favor would contravene

the intent of the statute by allowing both parents to claim a dependency

exemption deduction for M.K.  See Shenk v. Commissioner 140 T.C. at ___ (slip

op. at 13-14).[9]

_____

[8] Petitioners did not suggest, much less demonstrate, that any exception to the general rule to sec. 6501(a) might apply.  See sec. 6501(c).

[9] Shenk v. Commissioner, 140 T.C. at ___ (slip op. at 15), discusses the effect of a custodial parent's signing a Form 8332 after the expiration of the applicable period of limitations:

> [O]nce the period of limitations for assessment has expired and the custodial parent's claim of the child as a dependent is not susceptible to being disturbed, any statement by her that she "will not claim such child as a dependent" for that year would be absurd.  The time for her to declare what she "will" do as to that taxable year has necessarily come and gone.  As a logical matter and by definition, she is unable to declare what she "will" do about a past year now closed, so she is no longer capable of signing a declaration that qualifies under section 152(e)(2)(A).  Consequently, even if the concept in section 152(e)(2)(B) of being "attache[d] * * * to the return" has enough flexibility to allow a noncustodial parent to submit a declaration at

(continued...)

In sum, the Form 8332 that Ms. Pursell executed on September 22, 2013, after the expiration of the period of limitations on assessment for her 2009 return had expired, is insufficient to support petitioners' claim of a dependency exemption deduction for M.K. for 2009.

C.  Terms of the Divorce Decree

Finally, petitioners contend that pursuant to the divorce decree, petitioner and Ms. Pursell were each entitled to claim one child as a dependent for tax purposes and that a Form 8332 or its equivalent was not even required.  However, it is the Internal Revenue Code, and not State court orders or decrees, that determines a taxpayer's eligibility for a deduction for Federal income tax purposes.  Unfortunately for petitioners, they do not meet the criteria of the Code for claiming either of the disputed dependency exemption deductions.  See sec. 152(e); Shenk v. Commissioner 140 T.C. at ___ (slip op. at 10-11).

---

[9](...continued)
some point after the filing of his return, that flexibility must have limits--and the outside limit would surely be the custodial parent's period of limitations.  Beyond that point, any declaration that the noncustodial parent "attaches" fails to qualify under section 152(e)(2)(A) as a statement of what she "will" do.

## Conclusion

At trial we found petitioner to be exceptionally credible and forthright, and we are not unsympathetic to his plight. However, we are obliged to apply the law as enacted by Congress, even though we "'might deem its effects susceptible of improvement.'" See Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (quoting Badaracco v. Commissioner, 464 U.S. 386, 398 (1984)).

To reflect the foregoing,

Decision will be entered for respondent.[10]

---

[10] The record suggests that petitioners have made a $1,000 payment towards any deficiency for which they may be liable. Any such payment should be credited against the determined deficiency once it is assessed.